Campbell, J.
Error to Richland Probate Court.
This is a proceeding in error, a petition having been filed by Eliza Boals et al v. E. A. Clingan, Trustee, alleging in the petition that in the proceeding in the probate court there was error, ■and without elaborating upon the number of errors mentioned in the petition, it is only necessary to state two propositions upon which the alleged errors are founded:
First. It is charged as error in .the probate court in the appointment of E. A. Clingan, trustee of a certain fund, growing out of the settlement of the estate o.f Francis Ashton, Sy., deceased.
Second. The want of jurisdiction on the part of the probate *610 court to take cognizance of the subject-matter of that proceeding, to-wit, a certain, tract of land situated in ITardin county, Ohio.
To an intelligent understanding of this case, it becomes necessary to refer to the facts as they have been agreed upon between the parties, and about which there is no controversy.
Eliza Boals, one of the beneficiaries under the will of Francis Ashton, Sr., has been, since the spring of 1896, a resident of Richland county, and prior to 1896 for many years resided in Hardin county, Ohio.
Francis Ashton, Sr., the father, was a resident .and large property owner of Allen county, Ohio. He died in 1882 and on the thirtieth day of March .of that year his will was duly probated in the Probate Court of Allen' County, Ohio. By the terms of the will Eliza Boals was bequeathed -one-eighth part of all of the real and personal estate for life, of which said Francis Ash-ton, Sr., died seized.
Francis Ashton, Jr., and Edwin Ashton, sons of the testator, were duly .appointed executors of his last will and testament by the Probate Court of Allen County, Ohio; gave bonds and otherwise properly qualified as executors of said estate.
Between April 1, 1881, and February 5, 1894, these executors sold all of the real estate of which said Francis Ashton, Sr., deceased, died seized, and converted all of the assets of the estate into cash. These executors between said years or said dates made complete and full distribution among the legatees named in the will, save and except the portion bequeathed to Eliza Boals- in trust, which -these executors retained in their possession and control, except the annual interest of the trust fund, and paid the same to Eliza Boals from year to year after 1882 to the said year of 1894.
About October 1, 1888, said executors invested $4,500 .of the fund belonging -to Eliza Boals in real estate in Hardin county, a particular description of which is given. They took a deed for -this property in their own name as trustees without ever having been appointed or qualified by .the Probate Court of Allen County as- such. On February 5, 1894, these executors filed their ninth and final account as- executors of said esta.te<in the Pro *611 bate Court of Allen County, which account was' approved by the probate court,.and said executors were discharged. Said ninth account in substance stated that the said executors had made a complete distribution among the legatees named in the will, except the trust fund of Eliza Boals, the petitioner herein, which they still retained.
Prom February 5, 1894, to' February 3, 1896, the said Francis Ashton, Jr., and Edwin Ashton continued in possession and exercised control over the trust fund; they paid Eliza Boals from time to time the installments of .interest.
. On February 3, 1896, the said Edwin Ashton and Francis Ash-ton, Jr., filed in Probate Court of Allen County, Ohio, their first and final aeounts, as -trustees of said trust fund, the said accounts covering the period from 1882 to 1896 and contained the following entries, relative to the said land:
■ “October 1, 1883, received income of farm purchased of Perry Euling at the request of Eliza Boals, and being -the east one-half of the northwest one-fourth section 13, township 4, south, range 1, east, Hardin county, Ohio, and in which $4,500 of money belonging to the estate .of Eliza Boats was invested by the said trustees. ’ ’
The record further shows that said Francis Ashton. Jr., and Edwin Ashton turned over to J. F. Boals and W. G. Hughes, trustees of Eliza Boals, appointed by .the Probate Court of Rich-land County, Ohio, money and notes in the sum of $11,757.14, and have executed .and delivered to -the said J. F. Boals and W. G. Hughes a deed as trustees for the above real estate.
At that time Francis Ashton, Jr., and Edwin Ashton refused further to act as such trustees and resigned; thereupon said Probate Court of Allen County, Ohio, accepted the resignation, approved their account and released and relinquished the said trustees.
These parties, Francis Ashton, Jr., and Edwin Ashton, were never formally appointed as trustees of said fund; they never gave bond as such .trustees; neither did they ever qualify as such; but I find that during all of these years from 1882 up until 1896, all parties interested fully acquiesced in the conduct of these *612 trustees who fully accounted for the assets of the estate of which they had charge as executors or trustees, and no exceptions were ever filed to any of the acts of said executors and no exception or protest was ever made by any party interested as to the management and disposition of this trust fund that came into their hands.
I find from the evidence as covered by this agreed statement of facts that these executors closed up everything pertaining to their trust capacity in the county of Allen and were discharged from any further obligations by the probate court of that county.
In 1896 Eliza Boals removed to Richland county, and the same year these trustees, who assumed to act as such without any appointment under the law in Allen county, filed with the probate court of that county their statement, which was approved, and after their settlement was approved they resigned pro forma and were discharged.
I find that in the year 1896 they had this fund in their possession, amounting to something over $11,000, paid the same to the trustees, J. F. Boals and W. Gr. Hughes, regularly appointed by the probate court .of this, Richland county. They gave bond and qualified .as required by law from that time until this Eliza Boals has been a resident of Richland county.
At or about the same time the title to this real estate was transfenred by deed of Francis Ashton, Jr., .and Edwin Ashton, nominally as trustees, to the trustees regularly appointed by the probate court of this county, who became vested with the title to the real estate, situated in Hardin county, Ohio.
From 1896 until 1902 I find that these parties, Boals and Hughes, acted as such trustees, invested the fund that came into their hands, something over $11,000, collected the rent of the real estate in Hardin county, .and turned the interest of the trust fund and the rentals .over to Eliza Boals, the beneficiary or cestui que trust.
In 1902 Boals and Hughes both died. E. A. Clingan was appointed trustee of this fund .in their stead, by the probate court of this county, qualified and gave bond as required by law.
In the meantime $8,000 of .this fund was paid over to the legatees under the will of Francis Ashton, Sr., deceased, as pro *613 vided it might he by the terms of the will. After .the death of Eliza Boals and from 1896 up until 1905, the commencement of the proceedings in the probate court in question, all parties fully acquiesced in the action of the trustees that were first appointed by the probate court of this county .and after their death, just as fully .approved and acquiesced in the .action .of the trustee, Clingan, who was appointed in'their stead.
I find from the .evidence in this case that, with the exception of the real estate in Iiardin county, the entire fund constituting .this trust had been transferred to this county, had been loaned in this county, the interest upon it collected, and that the beneficiary, Eliza Boals, also resided in this county during all of these years and that the trustees originally appointed, as well as the present trustee, E. A. Clingau, were properly and legally constituted such by the probate court of .this county as authorized by the laws of the state.
The other question involved in this controversy perhaps is not so clear to the court; but I have given it as much attention as I could, since it was submitted to me, and my conclusions .are based upon the best authority that I have been able to find. Although there is no positive law giving .the Probate Court of Richland County jurisdiction to order .the sale of the real estate in Hardin county in express terms, yet we are .to take into consideration that trustees appointed by the probate court and guardians as well, are regulated and controlled, to a great extent by the same law by which administrators and executors aire controlled.
By reference to .Section 599£, Revised Statutes, upon the decease of .any inhabitant of this state, letters testamentary or letters of administration on his estate shall be granted by the probate court of the county in which -the deceased was an inhabitant or .resident at the time of his death. That is as much .of this section as I need quote for my purpose.
Section 6251 provides for the appointment of guardians:
‘ ‘ The probate court in each -county shall, when necessary, appoint guardians of minors resident in such county. ”
Section 5981 provides for the appointment of testamentary trustees, and provides:
*614 "If any testamentary trustee■ shall die, decline to accept, resign, become .incapacitated, or be removed, and such will has not provided for .the contingency of the death, incapacity or refusal of such trustee or trustees to accept or execute the trust, or such will names no trustee, the probate court, having probate of said will, may appoint some suitable person or persons to execute the trust according to the will, who shall give bond with security as provided herein.”
Great stress is laid upon this section by those contending that the probate court had no jurisdiction to appoint the trustee and would consequently have no power to order the sale of the real estate in another county. I do not find that the provisions of this section iare mandatory; but do find that as in this case, where the subject-matter in controversy is situated in, and the beneficiary of the fund is a resident of, any county of the state, a trustee may foe appointed to carry out the provision of the will, as in this case. No testamentary trustee was named in the will of Francis Ashton, Sr., deceased, and no provision therein made for the appointment of a trustee by the probate court of any county.
Now, further along, to throw some light upon this as to the right of the probate court to appoint, we have Section 6328:
"Any trustee of any non-resident, idiot, imbecile, or lunatic, appointed as aforesaid, a.nd any trustee heretofore or hereafter created by any last will or deed, or appointed by any competent authority, to execute any trust created by any such last will or deed, shall, as often as once each two years, render an account of the execution,” etc.
Now, while this is not in express terms, yet we have a right and are justified to draw the conclusion, that wherever the law authorized the appointment of a trustee, as in this ease, and such act upon the part of the probate court is properly done, the authority is exercised in pursuance of the law, and is binding upon all parties.
Now then, without elaborating, I go to the question of jurisdiction of the court to order the sale of this land, situated in Hardin county, and I refer to Section 5019 of the code, providing, where actions may be brought:
*615 “Actions for ..the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next two sections.”
That is corrected by Section 5020:
“When the property is situated in more than one county, the action may be brought in either; but in actions to recover real property, this can only be done when the property is an entire tract. ’ ’
Then Section 5021, for the specific performance of a contract, actions must be brought in the county where the premises are situated; and Section 5022, defines where other actions may be brought, but has no application to the question at bar. So we find here in express terms what kind of action and to what extent they must be brought in the county where located or a part of them is situated.
Then turn to Section 6137, regulating the sale of real estate by administrator or executor to pay debts, which reads as follows :
“In order -to obtain such authority, the executor or administrator shall commence a civil action in the probate court or- the court of common pleas of either the county in which the real estate of the deceased, or any- part thereof, is situate, or of the county in which were issued his letters testamentary .or of administration. ”
, So we have, in .express terms under .-this section, authority given to executors or administrators to bring actions for the sale of real estate either in the county where the real estate is located or in the county where such administrator or executor has been appointed by the probate court, and there is nothing in the statute, so far as I have been .able to find, that forbids the bringing of an action by a trustee of an estate in the county where such trustee has been appointed by the .probate court; and I find this trustee has been appointed by the probate court of this county, who had full and complete authority under the law and facts of the case, to make the appointment.
Without further elaboration or citation, of sections that I have been referred to in the briefs of the parties in this case, I am *616 unable to find that there was any error in the proceeding of the probate court, or that the exceptions filed by parties -interested in -the case are well taken.
H. E. Bell, for plaintiffs in error.
Douglas & Workman, contra.
The finding and direction of -the circuit court in the mandamus proceedings commenced and heard in that court, in relation to this matter, while not conclusive -of -their views up-on the questions presented, are yet of such import, that this court may reasonably presume that their conclusion would not -be adverse to the opinion entertained by this court.
It is therefore the judgment of this court that the judgment and order of -the probate court in this matter are sustained.